The plaintiff insurance company paid Mrs. Wallace Pomier the sum of $674.40 for damage to her automobile, which damage was incurred in a collision between her car and a taxicab driven by Junior Deville on October 25, 1945, on the paved highway west of Ville Platte.
The taxicab driven by Deville was owned by Alex Chapman, and the defendant insurance company carried liability insurance on the Ford car used as the taxicab and driven by Deville.
The driver and owner of the taxicab, Deville and Chapman, are joined with the Travelers Indemnity Company as defendants in the suit. The plaintiff insurance company is suing as the subrogee of Mrs. Pomier, the owner of the insured car, to recover from these defendants the amount paid of $674.40.
It is alleged in the petition of the plaintiff that the car of Mrs. Pomier was being driven by Walter Dupre in an easterly direction, and that the taxicab driven by Deville was going in a westerly direction; that the car of Mrs. Pomier was being driven by Dupre on his right side of the road; that the taxicab was being driven at an excessive rate of speed, and as the Ford taxicab approached the automobile driven by Dupre, the taxicab was driven over to its left or its wrong side of the road and ran into the automobile driven by Dupre; that the collision occurred on the south or Dupre's right side of the highway. It is also charged in the petition that Deville had poor vision which prevented him from operating an automobile on the highway in a safe manner. In brief, the negligence charged to Deville is that he pulled his automobile over to his left side of the road and struck the other car while it was being driven on its right side of the road. As an alternative plea, plaintiff alleges that if any one was guilty of negligence for which plaintiff is responsible, the said Deville had the last clear chance to avoid the accident by remaining on his side of the road and slowing down his speed.
The answer is a general denial of negligence on the part of Deville. It is alleged in the answer that Walter Dupre was driving the automobile of Mrs. Pomier in an intoxicated condition, without lights, at an excessive speed, and without having said automobile under control; that as said Dupre approached the automobile driven by Deville, the said Dupre swerved his car to his left and into the north traffic lane and into the path of the car driven by Deville, forcing Deville in the emergency which Dupre thus created to pull his car to the left or south side of the highway, in order to avoid a collision with the oncoming car driven by Dupre.
The trial judge rendered a judgment in favor of the defendants, and dismissed plaintiff's suit. From this judgment the plaintiff has appealed.
The testimony in the case clearly shows that Dupre, the driver of the Pomier car, was intoxicated at the time of the accident. He had just come out from the Evangeline Club where he had taken a drink, in addition to several drinks of beer which he had taken before arriving at this club. He testified that another man by the name of Andrus was in the car with him as he left the club; that it was dark, and he had on his lights; that he drove on his right hand side going east toward Ville Platte, and he was going slow; that the taxicab was coming fast from the opposite direction and tried to pass on his right hand side right in front of him, and the taxicab struck the front of his car. He says the accident happened about 100 yards from the Club. He admits that he had been drinking during the past two hours, but did not admit that he was drunk.
Andrus was called as a witness for plaintiff, and testified that he got in the car with Dupre when he left the Club. He testified that Dupre came out from the Club and got *Page 106 
on his right side of the highway; that the taxicab crossed the road in front of him, and the collision occurred on Dupre's right side of the road. The testimony of this witness is not at all impressive. He says that he drinks all the time when he is not working. Evidently he was drunk at the time of the accident. On being asked the question if he remembered where he was when the accident happened, he replied: "I think I was in the car."
Deville testified that he was taking a colored boy named Dean to the Evangeline Club; that he was driving about 35 miles per hour on the right side of the road, and when he was within seven yards of the other car coming from the opposite direction, the other car turned to its left and into his traffic lane, and in order to avoid striking the other car, he pulled his car to the left and the front of his car struck the other car about the center of the highway. He says the accident happened around seven o'clock in the evening and, the other car was about a block from him when he first saw it.
The colored boy in the car with Deville testified that Deville was driving about 30 miles per hour on his side of the road; that the other car was wobbling and coming very fast. He says the other car was about three arpents away when he first saw it and it was then on their side of the road. He could not tell how the accident happened.
It appears from the evidence that Dupre had borrowed the car from Mrs. Pomier, his sister, and for this reason plaintiff takes the position that neither she nor her subrogee, the plaintiff insurance company, would be responsible for any negligence of which he might have been guilty. This being the case, plaintiff claims that it is entitled to recover if Deville was guilty of any negligence. It is contended that he was negligent because he did not take proper steps to avoid a collision after he saw or should have seen the negligent manner in which Dupre was driving; that he should have slowed down and turned to his right when he saw Dupre coming toward him with his car on the wrong side of the road and wobbling as it approached.
Dupre and Andrus testified, and plaintiff alleged in its petition, that the car driven by Dupre was on its right side of the road. The only witness who testified that the Dupre car was coming toward Deville on its left side of the road wobbling as it came was the colored boy Dean. This boy said the other car was about three arpents when he saw it coming on its wrong side of the road, and the other car did not get on its side of the road before the accident.
While Deville did testify that the other car was about a block away when he saw it, he did not say that it was coming on his side of the road for that distance, or that the car was wobbling from one side of the road to the other. From his testimony, it is to be inferred that the other car did not swerve to its left side of the road until it was within seven yards or so from Deville. If this was the situation Deville was faced by an emergency not of his creation, and it could not be said that he was guilty of negligence in attempting to avoid the oncoming car by turning to his left. He did not have time to survey the situation to determine whether or not it was best to go to the right onto the shoulder of the road, or turn left and avoid the collision by getting out of the path of the car.
While the trial judge stated in his opinion that Deville saw the car coming toward him without lights, and on its wrong side of the road for a distance of 300 feet, we fail to find in the record where Deville testified that he saw the other car coming on the wrong side of the road for a distance of a block or 300 feet. He did say that he saw the car coming for about a block, without lights. Deville said: "I seen the car coming and I did not know what he was going to do. When I saw he was coming on my side I got on the left to avoid hitting him." And a little further on in his testimony he says that he was about seven yards from the other car when he pulled to the left to avoid it. This indicates that the other car did not come onto Deville's side of the road until it was within a few feet of him.
[1, 2] It is true that Deville was charged with the duty of avoiding a collision of the two cars if he could have done so after he *Page 107 
saw, or should have seen, that the driver of the other car was coming over on his side of the road. He could not reasonably anticipate that the other car coming toward him without lights on its side of the road would suddenly swerve to its left when within seven yards of him. In our opinion, the negligence of Dupre was the sole and proximate cause of the accident, and no negligence is shown on the part of Deville.
For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of plaintiff.